IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JEFFREY F. HIGDON, AS TRUSTEE
OF THE LIFE INSURANCE TRUST
DATED NOVEMBER 1, 1991
   *Plaintiff*,

v.

LINCOLN NATIONAL INSURANCE
COMPANY, *et al.*
   *Defendants*.

Civil Action No. ELH-13-2152

**MEMORANDUM OPINION**

In this case, plaintiff Jeffrey F. Higdon, as Trustee of the Life Insurance Trust Dated November 1, 1991 ("Trust"), seeks to recover the death benefits he claims are payable on a life insurance policy issued to John J. Germenko ("Policy"), which is the corpus of the Trust. Higdon alleges that defendants Lincoln National Insurance Company ("Lincoln") and ING Life Insurance and Annuity Company ("ING") have breached the Policy by refusing to pay the benefits due as a result of Mr. Germenko's death.[1] The issue currently before the Court is whether the Court has subject matter jurisdiction over the case.

As detailed, *infra*, the original Complaint in this action (ECF 2) was not filed by Mr. Higdon. Rather, it was filed by Mr. Germenko's two daughters, Barbara Germenko Wright and Deborah Ann Germenko Tharp (individually and as personal representative of the estate of

---

[1] According to the Amended Complaint, the Policy was purchased from non-party Aetna Life Insurance and Annuity Company. ECF 10 ¶ 1. "In 2000, [defendant] ING became successor-in-interest to Aetna as the carrier of the Policy." *Id.* The Amended Complaint alleges that defendant Lincoln is the "administrative agent of ING." *Id.*

Winifred M. Germenko) (collectively, "the Germenkos").[2] In defendants' answer to the original Complaint, they claimed that the Germenkos were not the beneficiaries of the Policy and therefore did not have standing to sue. In response, an Amended Complaint (ECF 10) was filed naming Mr. Higdon as the plaintiff and removing the Germenkos from the case caption.

Defendants then filed a Motion to Dismiss the Amended Complaint for Lack of Subject Matter Jurisdiction ("Motion," ECF 11), supported by a memorandum of law ("Memo," ECF 11-1). Plaintiff opposed the Motion (ECF 18), and filed a memorandum in opposition to ("Opp.," ECF 18-1), with exhibits. Defendants replied ("Reply," ECF 19). No hearing is necessary to resolve the motions. *See* Local Rule 105.6. For the reasons that follow, I will deny the Motion, without prejudice to its renewal after the parties submit supplemental briefing to the Court.

**Factual Background**

On January 10, 1985, John J. Germenko of Howard County, Maryland purchased the Policy. *See* Am. Comp. ¶ 8. The Policy is a flexible premium adjustable life policy with an initial specified amount of $300,000.00. *Id.* At the time the Policy was purchased, Mr. Germenko was the owner of the Policy. His wife, Winifred M. Germenko, and his two daughters, Barbara Wright and Deborah Tharp, were the named beneficiaries on the Policy. *Id.*

On November 1, 1991, Mr. Germenko created the Trust and appointed Mr. Higdon as trustee. *See* Trust Agreement, ECF 18-4. The initial corpus of the Trust was the Policy. *See* Trust Agreement at 36. According to plaintiff, "Mr. Germenko wanted to 'create an irrevocable life insurance trust' for the Original Plaintiffs and Winifred M. Germenko, his daughters and

---

[2] The original Complaint was filed in Circuit Court for Howard County. Defendants removed the case to this Court on the basis of diversity jurisdiction. *See* ECF 1.

former wife respectively." Opp. at 3 (quoting Trust Agreement at 1). After the Trust was created, Mr. Germenko changed the named beneficiary of the Policy from his wife and daughters to the Trust. *See* ECF 18-5.

Mr. Germenko died on June 16, 2010. Am. Comp. ¶ 13. In July 2010, an attorney for Mr. Germenko's estate, notified Lincoln of the death and requested payment of the policy proceeds. *Id.* Although plaintiff maintains that "Mr. Germenko always paid the Policy premiums," *id.* ¶ 9, Lincoln refused to pay the policy proceeds, citing nonpayment of premiums. *Id.* ¶ 13.

This action was filed by the Germenkos on July 25, 2013. ECF 2. The original Complaint alleged that the Germenkos "are named beneficiaries" of the Policy, and that defendants breached the Policy by refusing to pay death benefits to the named plaintiffs. *Id.* ¶¶ 1–2. After defendants denied that the plaintiffs were the named beneficiaries on the Policy, *see* Answer (ECF 9), an Amended Complaint was filed; it listed only Mr. Higdon as a plaintiff. *See* Am. Comp. at 1. The Amended Complaint lodges the same substantive breach-of-contract claim as the original Complaint, but it alleges that the Trust, rather than Mr. Germenko's wife and daughters, is the "sole beneficiary" of the policy. *Id.* ¶ 1.

**Standard of Review**

Defendants' Motion is styled as a motion to dismiss under Fed. R. Civ. P. 12(b)(1). Under Fed. R. Civ. P. 12(b)(1), a motion to dismiss for lack of subject matter jurisdiction raises the issue of "whether the court has the competence or authority to hear and decide the case."

*Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005).[3] Upon a challenge to jurisdiction, the plaintiff bears the burden of proving, by a preponderance of evidence, the existence of subject matter jurisdiction. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir.1999); *see also United States ex. rel. Vuyyuru v. Jadhau*, 555 F.3d 337, 347 (4th Cir. 2009).

A challenge to subject matter jurisdiction under Rule 12(b)(1) may proceed "in one of two ways": either a facial challenge, asserting that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "'that the jurisdictional allegations of the complaint [are] not true.'" *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted); *see also Buchanan v. Consol. Stores Corp.*, 125 F. Supp. 2d 730, 736 (D. Md. 2001). Here, defendants make both types of challenges to subject matter jurisdiction.

In a facial challenge, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns*, 585 F.3d at 192; *see also Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). In a factual challenge, on the other hand, "the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F.3d at 192. In that circumstance, the court "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir.2004); *Evans*, 166 F.3d at 647. That is, "the court may look beyond the pleadings and 'the jurisdictional allegations of the complaint and

---

[3] The question of subject matter jurisdiction may be raised by the parties or the court, *sua sponte*, at any stage of the litigation. *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 506 (2006); *see Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 197 (4th Cir. 2008).

- 4 -

view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Khoury v. Meserve*, 268 F.Supp.2d 600, 606 (D.Md.2003) (citation omitted), *aff'd*, 85 Fed. Appx. 960 (4th Cir. 2004).

**Discussion**

Defendants argue that the Court lacks subject matter jurisdiction over this case because the plaintiffs in the original Complaint—the Germenkos—lacked standing to bring the suit. Defendants further argue that the Amended Complaint, which substitutes Higdon as the plaintiff, failed to remedy the original Complaint's standing problem. In defendants' view, because "the Court lacked subject matter jurisdiction over the action when it was removed [from state court], the attempted curative amendment is a legal nullity. The only recourse is dismissal of this action for lack of subject matter jurisdiction." Memo at 2 (citing, *e.g.*, *Jaffree v. Wallace*, 837 F.2d 1461, 1466 (11th Cir. 1988); *Stafford v. Mobil Oil Corp.*, 942 F.2d 803, 806 (5th Cir. 1991)).

Plaintiffs do not dispute defendants' argument that, if the original plaintiffs lacked standing, then the Court would lack subject matter jurisdiction despite the amendment. However, plaintiffs aver that "the Original Plaintiffs had standing . . . when they filed the original Complaint" because, as beneficiaries of the Trust, they were third party beneficiaries of the Policy and therefore are entitled to sue on the Policy. Opp. at 2.

Defendants respond to plaintiff's argument in two ways. First, they claim that plaintiff is foreclosed from arguing that the Germenkos are third party beneficiaries of the Policy because of plaintiff's "admission" in the Amended Complaint that the Trust is the *sole* beneficiary of the Policy. Second, defendants claim that, in any event, "the beneficiaries of a trust have no standing either as third [party] beneficiaries or otherwise to sue." Reply at 2.

I will deny the Motion to Dismiss because I cannot say, as a matter of law, that the original plaintiffs lacked standing to sue.

1.

As an initial matter, I do not believe that the allegations in the Amended Complaint foreclose plaintiff's argument that the Germenkos are third party beneficiaries of the Policy. To be sure, "'[f]actual assertions in pleadings . . . are considered judicial admissions conclusively binding on the party who made them.'" *Amgen Inc. v. Connecticut Ret. Plans & Trust Funds*, ___ U.S. ___, 133 S. Ct. 1184, 1197 n.6 (2013) (quoting *American Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988)). And, the Amended Complaint states, ECF 10 at ¶ 8: "In or about November 1991, the Trust became the sole beneficiary of the Policy." However, this allegation can be fairly interpreted to mean that the Trust is the sole *named* beneficiary on the Policy, which would not foreclose the existence of third party beneficiaries. *See Meyer v. Berkshire Life Ins. Co.*, 372 F.3d 261, 264 (4th Cir. 2004) (noting that a district court has discretion to determine whether a particular statement constituted a judicial admission). Additionally, the allegation is more of a legal conclusion than it is a factual assertion, and "the court is not bound by a party's conception of the legal effect of certain facts." *Id.* at 265 n.2 (emphasis omitted). Therefore, I will consider the merits of plaintiff's argument that the Germenkos had standing to sue.

2.

Defendants argue that the beneficiaries of a trust do not have standing to sue on a contract right held by the trust, even if they are third party beneficiaries of the contract. In defendants' view, only the trustee may bring such a claim. As a general rule, defendants are correct: "[A]

beneficiary may not bring an action at law on behalf of a trust against a third party. The right to bring such an action belongs to the trustee." *Int'l Ass'n of Fire Fighters, Local 2665 v. City of Clayton*, 320 F.3d 849, 851 (8th Cir. 2003) (citation omitted); *see* George G. Bogert, *et al.*, *The Law Of Trusts And Trustees* § 954 ("Causes of action which arise out of . . . wrongdoing toward the trust property are usually vested in the trustee alone."). This rule, which is contrary to general principles of contract law, *see Dickerson v. Longoria*, 414 Md. 419, 452, 995 A.2d 721, 741 (2010), recognizes that the trustee "is in substance the 'owner' of the trust property, as far as third persons are concerned." *See Trusts and Trustees* § 954.

However, exceptions to the rule exist. In particular, the Restatement (Third) of Trusts provides, *id.* at § 107 (emphasis added):[4]

> (1) A trustee may maintain a proceeding against a third party on behalf of the trust and its beneficiaries.
>
> (2) A beneficiary may maintain a proceeding related to the trust or its property against a third party only if:
>
>> (a) the beneficiary is in possession, *or entitled to immediate distribution, of the trust property involved*; or
>>
>> (b) the trustee is unable, unavailable, unsuitable, or improperly failing to protect the beneficiary's interest.

It appears from the Trust Agreement that at least one of the original plaintiffs (Barbara Wright) may be entitled to immediate distribution of the trust property. In particular, Section 2.03(b) of the Trust Agreement provides that, upon the death of the Grantor and the Grantor's

---

[4] The Maryland Court of Appeals has relied on the Restatement (Third) of Trusts. *See, e.g.*, *Long Green Valley Ass'n v. Bellevale Farms, Inc.*, 432 Md. 292, 315 n.36, 68 A.3d 843, 858 n.36 (2013); *Hastings v. PNC Bank, NA*, 429 Md. 5, 24, 54 A.3d 714, 725 (2012).

spouse, "[t]he assets allocated to the BARBARA J. WRIGHT SHARE shall be distributed to her and this trust on her behalf shall terminate."

It is clear from the Amended Complaint that the grantor, Mr. Germenko, is deceased. However, it is not entirely clear whether Mr. Germenko's spouse is also deceased. The Amended Complaint makes clear that Winifred M. Germenko, who was Mr. Germenko's wife at the time the Policy was issued, is deceased. But, the Opposition refers to her as Mr. Germenko's "former wife," and it is unclear whether this indicates that the two were divorced, and if so, whether Mr. Germenko remarried. Thus, I cannot say at this juncture whether any of the Germenkos had standing to file the original Complaint.

**Conclusion**

For the foregoing reasons, the motion to dismiss will be denied, without prejudice. The parties are directed to brief the Court on the question of whether either of the original plaintiffs fits within any of the exceptions identified in the Restatement (Third) of Trusts, and if so, whether this confers standing upon either of the original plaintiffs. Defendants may renew their motion to dismiss in connection with their supplemental briefing. An Order follows.


Date: April 21, 2014                     /s/
                                         Ellen Lipton Hollander
                                         United States District Judge